SOLES v. SCO. MCGEE et al
Case 2:07-cv-04257-KSH-PS   Document 4   Filed 09/26/2007   Page 1 of 11
Doc. 4

**NOT FOR PUBLICATION**

            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY

```
MICHAEL SOLES,                  :
                                : Civil Action No. 07-4257(KSH)
          Plaintiff,            :
                                :
     v.                         :    OPINION
                                :
SCO MCGEE, et al.,              :
                                :
          Defendants.           :
```

**APPEARANCES:**

    MICHAEL SOLES, Plaintiff pro se
    # 519890
    Northern State Prison
    168 Frontage Road, P.O. Box 2300
    Newark, New Jersey 07114-2300

**HAYDEN**, District Judge

Plaintiff Michael Soles ("Soles"), currently confined at the Northern State Prison in Newark, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff initially submitted his Complaint without a complete application to proceed in forma pauperis ("IFP"). On September 11, 2007, this Court issued an Order administratively terminating the action because of the incomplete IFP application. The Order also gave plaintiff thirty (30) days to submit a complete IFP application with his prison account statement and affidavit of indigency, or to pay the $350.00 filing fee, if he wished to re-open his case.

On September 13, 2007, Soles submitted a complete IFP application with his prison account statement. It would appear that this Court's Order and plaintiff's submission crossed in the mail. Accordingly, based on plaintiff's affidavit of indigence, prison account statement, and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), this Court will grant Soles' application to proceed as an indigent and will direct the Clerk of the Court to re-open this matter, and file the Complaint without prepayment of fees.

Having reviewed the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, the Court concludes that this action should proceed in part.

## I.   BACKGROUND

Soles is currently confined at the Northern State Prison. He alleges that, on June 16, 2007, defendant, SCO McGee searched his rectum without proper supervision and in a sexually assaultive manner. No contraband was found. On June 21, 2007, plaintiff reported the incident to SID/IA (presumably, Special Investigation Division, Internal Affairs). Soles then spoke with administration on June 28, 2007. As a result of his complaint, Soles alleges that he was placed in an administrative segregation

cell with a special needs inmate, who lit the cell on fire after plaintiff asked to be moved. Soles contends that defendants placed him in administrative segregation, and then refused to move him after the fire, in retaliation for filing a grievance against SCO McGee.

Soles names SCO McGee and Administrator Bruce A. Hauk as defendants in this matter. He seeks release from administrative segregation and unspecified money damages.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all

reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim;

4

district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

It would appear that all of the named defendants are state actors because they are employed as correctional officials and/or administrators at the Northern State Prison and with the New Jersey Department of Corrections ("DOC"). Therefore, it appearing that all defendants may be persons acting under color of state law in this instance, the Court will review the claims asserted in the Complaint to determine whether plaintiff has sufficiently alleged a cognizable claim(s) upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2) and 1915A.

## IV.  ANALYSIS

### A.  Retaliation Claim

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution ... ."  White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990). To prevail on a retaliation claim, plaintiff must demonstrate that (1) he engaged in constitutionally-protected activity; (2) he suffered, at the hands of a state actor, adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;" and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). See also Anderson v. Davila, 125 F.3d 148, 160 (3d Cir. 1997) (citing Mt. Healthy City Sch. Dist.

Bd. of Educ. v. Doyle, 429 U.S. 274 (1977)); Thaddeus-X v. Blatter, 175 F.3d 378, 386-99 (6th Cir. 1999), cited with approval in Allah, 229 F.3d at 225.

In this case, Soles alleges that defendants retaliated against him by placing him in administrative segregation with an unstable inmate simply because plaintiff had filed a grievance against SCO McGee for performing a sexually invasive and unsupervised rectal examination for no cause. Assuming these assertions to be true, as required at this preliminary stage, it would appear that plaintiff may be able to show facts sufficient to support each prong of a retaliation claim. Namely, Soles alleges that (1) his filing of a grievance was a constitutionally protected activity; (2) the adverse action by defendants was their placement of Soles in administrative segregation with an unstable inmate who cause a fire, and defendants thereafter refused to move plaintiff; and (3) that the action taken by defendants was in direct response to plaintiff's grievance. Therefore, this Court will allow this retaliation claim to proceed at this time.

B.  Sexual Harassment Claim

Soles also appears to assert a claim of sexual harassment against defendant SCO McGee regarding the incident of June 16, 2007. He alleges that SCO McGee conducted a rectal exam without supervision and in a sexually invasive manner for no cause. The

Court construes these allegations as asserting an Eighth Amendment claim of sexual harassment.

Sexual harassment of an inmate by a prison guard or official can rise to the level of an Eighth Amendment violation. <u>Barney v. Pulsipher</u>, 143 F.3d 1299, 1310 (10th Cir. 1998); <u>Boddie v. Schnieder</u>, 105 F.3d 857, 860-61 (2d Cir. 1997). In order to hold an officer liable for violating the Eighth Amendment, two requirements must be met: (1) "the alleged punishment must be objectively, sufficiently serious," and (2) "the prison official must have a 'sufficiently culpable state of mind.'" <u>Boddie</u>, 105 F.3d at 861 (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994)). Sexual harassment can meet both of these requirements as "severe or repetitive sexual abuse of an inmate by a prison officer can be objectively, sufficiently serious enough to constitute an Eighth Amendment violation," and "[w]here no legitimate law enforcement or penological purpose can be inferred from defendant's alleged conduct, the abuse itself may, in some circumstances, be sufficient evidence of a culpable state of mind." <u>Boddie</u>, <u>supra</u> (internal citations omitted).

"Unsolicited sexual touching, harassment, and coercion are 'simply not part of the penalty that criminal offenders pay for their offenses against society.'" <u>Thomas v. District of Columbia</u>, 887 F. Supp. 1, 4 (D.D.C. 1995) (quoting <u>Farmer</u>, 511 U.S. at 834). "[B]ecause the sexual harassment or abuse of an

inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir.1997) (internal quotation marks omitted). However, allegations of isolated incidents of sexual comments or non-consensual touching may not be "objectively, sufficiently serious" to show harm of federal constitutional proportions. Boddie, 105 F.3d at 861.

In this case, Soles alleges that defendant McGee performed an unsupervised search of his anal cavity. This isolated incident is the sole basis of plaintiff's sexual harassment claim. These allegations, even if true, do not rise to the level of a constitutional deprivation. Soles does not allege that he was subjected to severe or repetitive sexual abuse, touching or harassment; rather, he alleges only one isolated incident. See Boddie, 105 F.3d at 861 ("severe or repetitive sexual abuse of an inmate by a prison officer can be 'objectively sufficiently serious' enough to constitute an Eighth Amendment violation"); Thomas, 887 F. Supp. at 4 ("Sexual assault, coercion and harassment of the sort alleged by plaintiff violate contemporary standards of decency and can cause severe physical and psychological harm").

Moreover, the isolated incident appears to have been a routine anal search for contraband, namely, drugs, a legitimate administrative or security concern for prisons. There is no suggestion by plaintiff in his Complaint that the anal cavity search was done for any purpose other than as a search for contraband, which plaintiff did not possess.

Finally, Soles fails to allege any physical injury as a result of the rectal search. Soles cannot obtain relief solely for mental or emotional injury in the absence of a physical injury. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."[1]  42 U.S.C. § 1997e(e). See Allah v. Al-Hafeez, 226 F.3d 247, 250-51 (3d Cir. 2000). Thus, Section 1997e(e) bars prisoner claims for damages based purely on mental and emotional distress. Heiseler v. Kralik, 981 F. Supp. 830, 837 n. 3 (S.D.N.Y. 1997), aff'd, 164 F.3d 618 (2d Cir. 1998). Accordingly, the Court concludes that this sexual

---

[1] Section 1997e(e) does not define "physical injury." Courts that have attempted to determine whether a prisoner has suffered the requisite "physical injury" have turned to the Eighth Amendment standard which "excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); Marrie v. Nickels, 70 F. Supp. 2d 1252, 1264 (D. Kan. 1999). In other words, the physical injury must be more than *de minimis*, but need not be significant.

harassment claim should be dismissed for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## V. CONCLUSION

For the reasons set forth above, plaintiff's retaliation claim will be allowed to proceed at this time.  However, plaintiff's Eighth Amendment claim asserting sexual harassment, as against defendant McGee, will be dismissed for failure to state a claim.  An appropriate order follows.


    /s/ Katharine S. Hayden
    KATHARINE S. HAYDEN
    United States District Judge

Dated: 9/25/07